UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERNEST SANDERS,                        :
                                       :
         Plaintiff                     :
                                       :
    v.                                 :    CIVIL NO. 3:CV-05-2271
                                       :
SUSQUEHANNA COUNTY JAIL, ET AL.,       :    (Judge Conaboy)
                                       :
         Defendants                    :
_____

## MEMORANDUM AND ORDER
### Background

Ernest Sanders initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 on November 2, 2005. Since the required filing fee has been paid, Plaintiff's request for leave to proceed in forma pauperis will be denied as moot. For the reasons set forth below, Sanders' complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915A.

Named as Defendants are the Susquehanna County Jail, Montrose, Pennsylvania, the Pennsylvania State Police and Susquehanna County. Plaintiff generally states that "they have falsely imprisoned me 3 times so far." Doc. 1, ¶ 3. Attached to the complaint is a copy of criminal complaint (CR. 31-04) filed against the Plaintiff in 2004. Sanders has also submitted a copy of a letter wherein he alleges that Susquehanna officials have subjected him to harassment over the past four (4) years. His

1

letter indicates that on one occasion he was jailed for ninety (90) days on charges which were eventually dropped. Next, Sanders asserts that he was incarcerated for approximately ten (10) months until he was acquitted following a jury trial. Plaintiff adds that he is presently facing criminal charges (CR. 31-04) which are also allegedly baseless. His complaint also claims that his court appointed public defender has been providing him with ineffective assistance and is insisting that he enter a guilty plea to CR. 31-04. As relief, Sanders seeks "a serious investigation into this county and there [sic] officials." Id. at ¶ 4.

## Discussion

As previously noted, Plaintiff has paid the required filing fee. 28 U.S.C. § 1915A provides in pertinent part:

> (a) Screening. -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28

(1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).[1] The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

**Pennsylvania State Police**

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented

---

1. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).  The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.  The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71.  "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).  See also Bolden v. Southeastern Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991).

It is clear that under Will and Bolden, the Pennsylvania State Police is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant.

**Susquehanna County Jail**

A prison or correctional facility is also not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at

*1 (E.D. Pa. Feb. 28, 1995).  Pursuant to the above standards, the Susquehanna County Jail is likewise not a person and may not be sued under § 1983.  See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

**Susquehanna County**

A municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under 42 U.S.C. § 1983.  Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978)("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") "Local governing bodies, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id.  See also Board of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 398, 403-07 (1997); Roman v. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano v. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

However, it has been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of respondeat superior.  Bryan County, 520 U.S. at 403; City of Canton v. Harris, 489 U.S. 378, 392 (1989); Pembaur v. Cincinnati, 475 U.S. 469, 478-79 (1986); Monell, 436 U.S. at 691; Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).  Rather, "... a plaintiff seeking

to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bryan County, 520 U.S. at 403; Beck, 89 F.3d at 971.  In Bryan County, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> . . . [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Id. at 404; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has held that a municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"  Andrews, 895 F.2d at 1480 (citing Monell, 436 U.S. at 694).[2]

---

2.   There are two ways in which a governmental policy or custom is established:
> Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict.  Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct.

(continued...)

A review of the present complaint establishes that Sanders has not set forth any claim that his constitutional rights were violated as the result of any Susquehanna County policy or custom. Consequently, the county is also entitled to entry of summary dismissal.

**Abstention**

As noted earlier, the only relief sought by the Plaintiff is that "a serious investigation" be undertaken into the actions of Susquehanna County and its officials. Doc. 1, ¶ 4. Furthermore, Sanders indicates that he is the subject of an ongoing criminal prosecution in Susquehanna County.

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). Under Younger, the test for federal court abstention is whether "(1) there are

---

2. (...continued)
1292, 1299, 89 L. Ed. 2d 452 (1986). A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law. Monell, 436 U.S. at 690, 98 S. Ct. at 2035 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed. 2d 142 (1970)). Accord Anela v. City of Wildwood, 790 F.2d 1063, 1067 (3d Cir. 1986).

ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.[3]

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). This civil rights action does not raise the type of extraordinary circumstances contemplated under Younger, thus, intervention by this Court into the ongoing state criminal prosecution of the Plaintiff is not warranted at this juncture.

Furthermore, there is nothing in Sanders' complaint which suggests that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or present his claims to the Pennsylvania state appellate courts. Abstention is required in this case out of deference to the integrity of the state judicial process.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

---

3. Exceptions to Younger abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

8

AND NOW, THEREFORE, THIS 8th DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED THAT:

1. Plaintiff's <u>in</u> <u>forma</u> <u>pauperis</u> application is dismissed as moot.
2. The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915A.
3. The Clerk of Court is directed to close the case.
4. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge